UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20255-CR-ALTONAGA/Goodman

UNITED STATES OF AMERICA,

vs.

GUILLERMO RAVELO,

Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and the Civil Rights Division of the United States Department of Justice (hereinafter "the Government) and Defendant GUILLERMO RAVELO enter into the following agreement:

1.      Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Information in the above-styled matter.  Count 1 of the Superseding Information charges Defendant with willful deprivation of rights while acting under color of law, which resulted in bodily injury to JP, in violation of Title 18, United States Code, Section 242.  Count 2 of the Superseding Information charges that Defendant, while acting under color of law, willfully combined, conspired, and agreed with other persons to injure, oppress, threaten, and intimidate EB in the free exercise and enjoyment of a right secured and protected by the Constitution and laws of the United States, namely, the right to be free from unreasonable seizures by persons acting under color of law, all in violation of Title 18, United States Code, Section 241.

2.      The United States agrees to seek dismissal of the Indictment [ECF No. 3] at the time of sentencing.

3.     Defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements ("Sentencing Guidelines"). Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the United States Probation Office, which investigation will commence after the guilty plea has been entered. Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range, and may raise or lower that advisory sentence under the Sentencing Guidelines. Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1, and that Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     Defendant also understands and acknowledges that, as to each count, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years, followed by a term of supervised release of up to three (3) years. These sentences of imprisonment may be run consecutively, for a total sentence of 20 years imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 for each count and may order restitution.

2

5.      Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 per count will be imposed on Defendant for a total of $200.   Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If Defendant is financially unable to pay the special assessment, Defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6.      The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as facts concerning Defendant and Defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.      The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Defendant's recognition and affirmative acceptance of personal responsibility.   If at the time of sentencing Defendant's offense level is determined to be 16 or greater, the Government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Defendant has assisted authorities in the investigation or prosecution of Defendant's own misconduct by timely notifying authorities of Defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently.   The Government further agrees to recommend that Defendant be sentenced at the low end of the guideline range, as that range is

3

determined by the Court provided that the advisory guideline range to imprisonment determined by the Court is not lower than 24 months. However, the United States will not be required to make these sentencing recommendations if Defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the Government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.      The Government and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:   (i) Defendant was "acting under color of law" pursuant to Section 2H1.1(b) of the Sentencing Guidelines; and (ii) JP, the victim identified in Count 1 of the Superseding Information, sustained bodily injury, as defined under Title 18, United States Code, Section 242. This agreement is not intended to prevent the Government from agreeing with other enhancements that may be brought to the parties' attention by the probation office or the Court.

9.      The Government and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the probation office or the Court, the Government and Defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

4

Similarly, the parties agree that they will jointly recommend that the Court neither vary upward nor vary downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case.

10.     Defendant is aware that the sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.   Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.   Defendant understands and acknowledges that he may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the Government, or a recommendation made jointly by both Defendant and the Government.

11.     Defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Defendant the right to appeal the sentence imposed in this case.   Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.   Defendant also waives any right to challenge the convictions entered, or the constitutionality of the statutes of conviction, or the sentence imposed

5

under this Agreement or otherwise attempt to modify or change the sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 18, United States Code, Section 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based upon newly discovered evidence or on a claim of ineffective assistance of counsel in entering into this Agreement or in connection with sentencing. Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals Defendant's sentence pursuant to Sections 3742(b) and 1291, Defendant shall be released from the above waiver of appellate rights. By signing this agreement, Defendant acknowledges that Defendant has discussed the appeal waiver set forth in this agreement with Defendant's attorney.

12.     This is the entire agreement and understanding between the Government and

Defendant.  There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: _7/26/18_          By: _____
                             HARRY C. WALLACE, JR.
                             ASSISTANT UNITED STATES ATTORNEY

                             TRENT REICHLING
                             SPECIAL ASSISTANT UNITED STATES ATTORNEY

                             JOHN M. GORE
                             ACTING ASSISTANT ATTORNEY GENERAL
                             UNITED STATES DEPARTMENT OF JUSTICE
                             CIVIL RIGHTS DIVISION

Date: _26 July 2018_    By: _____
                             DW TUNNAGE
                             TRIAL ATTORNEY

Date: _7/26/2018_       By: _____
                             GUILLERMO RAVELO
                             DEFENDANT

Date: _7-26-18_         By: _____
                             DOUGLAS HARTMANN, ESQ.
                             DEFENSE COUNSEL